## INSOLVENT CORPORATION—STOCKHOLDER'S LIABILITY.

[Hamilton Circuit Court, January, 1896.]

Swing, Cox and Smith, JJ,.

† FERRIS v. ANTON ET AL.

EFFECT OF COMPROMISE BETWEEN CREDITORS AND STOCKHOLDERS OF INSOLVENT CORPORATIONS.

Where, by the statutory liability of the solvent stockholders of a corporation, it appeared that the creditors would receive seventy-five cents on a dollar, but all the creditors with the exception of the plaintiff agreed on a compromise for a less amount, the plaintiff is not entitled to the full amount of his claim, but only to such amount as he would have received had there been no compromise agreement between the creditors, which in this case he would be entitled to receive seventy-five cents on the dollar.

APPEAL from the Common Pleas Court of Hamilton county.

SWING, J.

This was an action by a creditor on behalf of himself and other creditors against the stockholders of the Miami Valley Railway company, to assess the stockholders to pay the debts of the company—the company being insolvent. All the stockholders and creditors were parties. The referee reported that the solvent stockholders, when assessed to the limit, would pay seventy-four and four-twentieths per cent. on the valid claims. Thereupon a compromise decree was returned, all the stockholders, and all the creditors except Ferris consenting to it—by which the stockholders were to pay thirty-five cents on the dollar on the common stock to the company, and forty cents on the preferred stock.

†Reversed by Supreme Court; opinion, 53 O. S., 652.

In this action Ferris now claims that he is entitled to receive his claim in full from the solvent stockholders, as he was not bound by the compromise, and that the stockholders are liable to pay to an amount equal to their stock.

We are of the opinion that Ferris is entitled to receive only such an amount on his claim as he would have received if there had been no compromise decree. This is a suit in its nature equitable, and we think that it would be inequitable that Ferris should receive an amount which he would not have received had there been no compromise arrangements. Ferris, according to the report of the referee in this case, was entitled to receive about seventy-five cents on the dollar, along with all the other creditors. The fact that all the other creditors agreed to accept a less amount will not inure to the benefit of Ferris, so that he may, by reason of their accepting a less amount, receive one hundred cents on the dollar. Ferris cannot complain of the act of the other creditors—it does not lessen the amount which he would have received; neither is he entitled to any benefit from their act—he was not a party to it, and not bound by it.

This was not a case where the corporation paid off claims against it; but what was done was done in an action for the benefit of Ferris as well as all other creditors, and to which Ferris was a party, and he was entitled to such relief as a court of equity could grant him. There would be no equity in giving Ferris one hundred cents on the dollar on his claim, when he was only entitled to get seventy-five cents, for the only reason that other creditors had released part of their claims.

*Paxton, Warrington & Boutet*, Attorneys for Ferris.

*Gorman & Thompson*, Attorneys for Defendants.